## Commonwealth ex rel. v. Mellet (No. 2).

*Judgment—Opening judgment—Bond—Signature by mark—Evidence.*

The discretion of the common pleas in refusing to open a judgment entered upon a bond will not be reviewed by the Supreme Court where it appears that the bond regular on its face was signed by a mark, witnessed by a subscribing witness and formally acknowledged before a justice of the peace, and that the defendant's denial that she signed the bond is met not only by the evidence of the principal that she signed it, at his request, in his presence, and that the signature of the subscribing witness who was absent at the hearing was his genuine signature, and that when the acknowledgment was made the principal was present and heard defendant acknowledge it to be her signature, but also by the evidence of the justice of the peace who testified that while he did not remember the acknowledgment independent of his certificate, he did remember that there were several sureties, and that he went with the principal from house to house taking the acknowledgments.

Argued Feb. 13, 1900.   Appeal, No. 263, Jan. T., 1899, by defendant, from decree of C. P. Schuylkill Co., Nov. T., 1898, No. 17, discharging rule to open judgment in case of Commonwealth ex rel. the Borough of Shenandoah v. Mary Mellet. Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Rule to open judgment.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*James B. Reilly,* with him *James J. Moran,* for appellant.

*John F. Whalen,* with him *M. M. Burke,* for appellee.

OPINION BY MR. JUSTICE DEAN, May 21, 1900:
This case is between the same parties and in some particulars presents the same facts, as in No. 262, January term, 1899, opinion handed down this day.

Michael J. Scanlon was elected tax collector for the borough of Shenandoah for the year 1896; he gave bond in the penal sum of $100,000, with sureties, conditioned for the faithful

performance of his duty, one of the sureties being Mary Mellet, this appellant. Scanlon, having defaulted in payment, the bond, under the special act of 1859, was certified into the common pleas, which made it a lien upon the lands of principal and sureties. The sureties being notified, Mary Mellet denied execution of the bond, and on her petition, a rule was granted to show cause why the judgment should not be opened. Testimony was taken by both sides, and after full hearing, the court discharged the rule, and we have this appeal.

In the case before us, Mrs. Mellet testifies positively she did not sign and seal the bond; that she did not acknowledge it before John J. Cardin, a justice of the peace, and that she never saw this officer.

The bond, on its face, is regular; it is signed by a mark, the signature is witnessed by Thomas P. Reilly. Scanlon, the principal, testifies positively, that she signed it, at his request, in his presence; that the witness Reilly is absent in the Klondike mines, but his name is his genuine signature; that when the acknowledgment was taken by the justice of the peace, he was present and heard Mrs. Mellet acknowledge it to be her signature. Justice Cardin does not remember, independently of his certificate, that Mrs. Mellet acknowledged the bond, but there were several sureties, and he remembers going with Scanlon from house to house and taking acknowledgments; in this particular the evidence is stronger than in the first case; he is positive, that he would not have appended the certificate unless Mrs. Mellet had been personally before him, and had acknowledged her signature.

Taking the facts as established by the evidence, for the same reasons as those given in the 1895 bond case, the decree of the court below discharging the rule is affirmed.